### Statham et al. v. Shellnut.

1. The verdict was warranted by the evidence.
2. The alleged newly discovered evidence being known before the trial, affords no ground for a new trial.

December 23, 1890.

Damages.    Evidence.    Verdict.    Before Judge Hutchins.   Jackson superior court.   February term, 1890.

Reported in the decision.

W. I. Pike and J. B. Estes, for plaintiffs in error.

J. A. B. Mahaffey and J. W. Austin, *contra*.

Bleckley, Chief Justice.

This was a civil action for damages founded upon the same outrage involved in *Statham et al.* v. *State*, 84 *Ga.* 17, and in *Statham* v. *State*, decided at the present

term (*ante*, 331). The suit for damages, however, omitted two of the accused persons in the criminal proceeding, to wit, Joseph Statham and Andrew Martin, and included the wife of M. J. C. Statham, who was not embraced in the criminal prosecution. The jury found in favor of Shellnut, the plaintiff, $1,600.00. Statham and wife, who alone defended, moved for a new trial, and their motion was overruled.

1. That the verdict was warranted by the evidence we entertain no doubt. Although Statham and wife were not present when Shellnut was seized, hanged and whipped, the circumstances strongly indicate that they were parties to the conspiracy and promoters of the outrage. It was upon this theory alone that they were sought to be made liable, and the jury could not have found against them without being of opinion that the theory was sustained by the evidence. We are content, as was the court below, to accept the decision of the jury on that question. It was matter for reasoning and inference from all the circumstances in proof, and these circumstances furnish ample premises from which to draw the conclusion at which the jury arrived.

2. The ground of newly discovered evidence is wholly unsustained by the affidavits in the record. The trial took place at August term, 1889, and there is no affidavit by party or counsel that the facts sought to be brought in as newly discovered were not known previously to the trial. On the contrary, that they were known is manifest, for the affidavit of one of the witnesses bears date May 4th, 1889, and it was admitted in the argument before us that there was no mistake in this date. Not only does this affidavit set forth the facts now claimed to be newly discovered, but it gives the names of divers persons besides the maker of the affidavit to whom the facts must have been known and by whom it must be assumed they could have been

established. The record furnishes no excuse or explanation as to why these witnesses, or some of them, were not produced at the trial. A more flimsy and frivolous application for a new trial on the ground of newly discovered evidence we have never known; and were this the sole ground of the motion, we should unhesitatingly award damages for bringing the case to this court. There was no error in denying the motion.

*Judgment affirmed.*